UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael J. GARDNER, Defendant–Appellant.

No. 02–4070.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 21, 2003.

Decided Oct. 30, 2003.

David E. Hollar, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Robert A. Handelsman, Chicago, IL, for Defendant–Appellant.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Michael Gardner, convicted by a jury of being a felon who possessed a firearm, raises two issues on this appeal. First, Gardner claims that the evidence the jury heard was insufficient to support his conviction. A review of that evidence, however, puts this contention to rest.

Several hours after an 81–year–old woman reported that her 15–year–old Buick was stolen in Highland, Indiana, a police officer in nearby Hammond spotted the car—now with a driver and Gardner in the front passenger seat. Gardner looked at the officer "at least twice" in an "unusual manner." A quick computer check disclosed that the car was stolen, and the officer activated his flashing lights and siren. Rather than stopping, the Buick took off, eventually crashing into a concrete barrier. Both Gardner and the driver took off running. The driver got away (his

identity remains unknown) but Gardner was collared. Oddly, because it was a fairly warm day, he was wearing a glove on his left hand.

A check of the Buick revealed several things: the steering column was peeled and the car hot-wired; a loaded semiautomatic Tech 9 pistol, which did not belong to the car's 81–year–old owner, was lying on the front seat floorboard; and a right-handed glove (the mate to the one Gardner was wearing) was on the front seat.

When questioned, Gardner told a story that the jury might very well have found a bit hard to swallow. He said the driver was a man he knew only as "Shorty B." He explained that Shorty B picked him up in Gary, Indiana, and was driving him to a Hammond casino to celebrate his (Gardner's) birthday. Sometime during the drive he noticed that the ignition key was in the "off" position, and Shorty B said the car was stolen. Gardner also said that he never possessed the Tech 9 but that "if" his fingerprint was on it (it wasn't) "the only way it might have been on there was during the impact of the accident he might have touched the gun." Still later, he told an ATF agent that he did not know the Buick was stolen and that he didn't know there was a gun in it.

We think this evidence was sufficient to support the jury's finding that Gardner (whose status as a felon was conceded) "possessed" the gun recovered from the stolen Buick. "Possession" of a weapon can, of course, be shared with others. *See United States v. Walls*, 225 F.3d 858 (7th Cir.2000). Here, both Gardner and Shorty B had the ability to exercise dominion and control over the gun, although the case is stronger against Gardner because he had the glove. As we have noted, joint possession is easy to find in "close quarters such as a car." *United States v. Tirrell*, 120 F.3d 670, 675–76 (7th Cir.1997). Because

this particular gun was in plain view, almost at Gardner's feet, the jury could have easily concluded that he possessed it either by himself or jointly with the mysterious Shorty B.

On top of the gun's presence, the jury could have reasonably concluded that Gardner wore the glove to avoid leaving fingerprints on it. Adding Gardner's inconsistent statements to this mix leaves us with the solid belief that there was enough evidence to support the jury's verdict.

Gardner's second, and final, claim is that the interstate commerce element of the crime of felon in possession was not established. This is an odd argument considering Gardner's stipulation that the gun was manufactured in Florida "and thus effected interstate commerce, and that said firearm had to cross state lines to be found in the State of Indiana in October of 2000." Gardner's claim on this issue must be rejected.

AFFIRMED.